UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ARBORBRACE STAKING SYSTEMS,
INC., a Florida corporation,

       Plaintiff,

vs.

TREE STAKE SOLUTIONS, LLC, a
Texas limited liability company,

       Defendant.
_____/

## COMPLAINT

      Plaintiff, Arborbrace Staking Systems, Inc. ("Plaintiff"), hereby files it Complaint against Defendant, Tree Stake Solutions, LLC ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

      1.     This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §1125(a), for trade dress infringement, false designation of origin, false description or representation, and unfair competition. Plaintiff also asserts claims in accordance with common law rights, Fla. Stat. §495.161, for trade dress infringement and unfair competition.

      2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

      3.     Venue is proper under 28 U.S.C. §§1391(b) and 1391(c) in that a substantial part of the events or omissions giving rise to the claim occurred in this district, or a substantial part of the

property that is the subject of the action is situated in this district.

4. Upon information and belief, jurisdiction is proper in that:

a. Defendant has committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b); or

b. Defendant has engaged in substantial and not isolated activity within this state, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(2).

## THE PARTIES

5. Plaintiff is a corporation organized and existing under the laws of the State of Florida, and having a principal place of business in Miami, Florida.

6. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of Texas with an address of 9973 FM 521 Road, Rosharon, Texas 77583.

## PLAINTFIF'S TRADE DRESS

7. Plaintiff creates innovative labor saving products for the professional landscaper, including, but not limited to, tree guying systems, palm bracing system, and tree-tie webbing.

8. The anchors of Plaintiff's products have a unique, stylized arrowhead shape, which constitutes Plaintiff's design trade dress ("Trade Dress").  Photographs of Plaintiff's Trade Dress are shown in Composite Exhibit A hereto.

9. Plaintiff's Trade Dress is immediately recognizable in the landscaping industry as a designation associated exclusively with Plaintiff.

10. Plaintiff has invested considerable time, creative effort, and resources to create its Trade Dress, and has developed goodwill in its Trade Dress.

11. Since at least as early as 2002, and long prior to the acts of Defendant complained of herein, Plaintiff adopted and used in commerce its distinctive Trade Dress for the design of its products. Such use has been continuous since its inception.

12. Since prior to the infringing acts of Defendant complained of herein, Plaintiff has achieved significant commercial success and substantial sales, advertising, and promotion of its products utilizing Plaintiff's Trade Dress, throughout the State of Florida and the United States, including the Southern District of Florida.

13. By virtue of its unique style and continuous and widespread use, and since prior to the infringing acts of Defendant complained of herein, Plaintiff's Trade Dress has developed a secondary meaning and significance, and has been readily recognizable by the public and the trade as identifying Plaintiff as the exclusive source and distinguishing Plaintiff's goods from the goods of others.

**DEFENDANT'S INFRINGING ACTIVITY**

14. Long subsequent to Plaintiff's adoption and use of the Plaintiff's Trade Dress Mark in commerce, Defendant, upon information and belief, began selling and offering for sale competing goods under the mark "VALUESCAPE" and referred to as "Arrow-style Tree Anchors" in a design that bears a strikingly resemblance to our Plaintiff's Trade Dress (the "Infringing Designs"). Examples of the Infringing Designs are attached as Exhibit B hereto.

15. Consumers can purchase and order samples of Defendant's products utilizing the Infringing Designs ("Infringing Products") on Defendant's website at http://www.value-scape.com and on the phone. See Exhibit B and C.

16. Moreover, Defendant offers for sale and sells its Infringing Products for less than

3

Plaintiff's competing products utilizing Plaintiff's Trade Dress. Specifically, in Defendant's advertisements, Defendant shows a photograph of its Infringing Products and compares the price for the Infringing Products to its "Competitor" list price. See Exhibit C. Upon information and belief, the "Competitor" referred to in the advertisement is Plaintiff.

17. Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the goodwill represented and symbolized by Plaintiff's Trade Dress and that Plaintiff's Trade Dress is widely recognized and relied upon by the public and the trade as identifying Plaintiff and its goods and distinguishing said goods from the goods of others.

18. Notwithstanding Defendant's knowledge of Plaintiff's Trade Dress, and indeed by reason of such knowledge, Defendant has engaged in, and it is believed will continue to engage in a deliberate and willful scheme to trade upon and to misappropriate for itself the vast goodwill represented and symbolized by the Plaintiff's Trade Dress without Plaintiff's consent thereof.

19. The acts of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's Trade Dress, and are in total disregard of Plaintiff's rights, and were commenced and it is believed will continue in spite of the Defendant's knowledge that its use of the Infringing Designs and sale of the Infringing Products was and is in direct contravention of Plaintiff's rights.

20. Defendant's unauthorized sales of the Infringing Products and related marketing activities commenced long after substantial and sales in commerce of authorized goods by Plaintiff embodying Plaintiff's Trade Dress and subsequent to the acquisition of rights and secondary meaning in Plaintiff's Trade Dress accruing to Plaintiff.

21. Defendant's aforesaid use of the Infringing Designs and sale of the Infringing

Products is designed and is calculated and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's goods and to falsely cause the consuming public to believe that Defendant's goods are the goods of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

22.     Defendant has and continues to market and sell the Infringing Products to the landscaping industry.

23.     Defendant commenced its infringing activities described herein without the consent of Plaintiff, in deliberate, knowing, and wanton disregard of the rights of Plaintiff and to Plaintiff's irreparable damage, unless restrained by this Court.

## COUNT I
## FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)

24.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 23 as if fully set forth herein.

25.     Subsequent to Plaintiff's establishment of its rights in its Trade Dress, Defendant intentionally commenced to use in commerce, and upon information and belief, will continue to use in commerce products utilizing the Infringing Designs which are a reproduction, copy, and colorable imitation of the Plaintiff's Trade Dress, despite Plaintiff's prior use thereof and the public recognition thereof, constituting use in commerce of a word, term, name, symbol, or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval

5

of Defendant's goods by Plaintiff.

26. Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

27. Defendant's aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

28. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

29. Plaintiff has no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION/COMMON LAW TRADE DRESS INFRINGEMENT

30. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 23 as if fully set forth herein.

31. Defendant's aforesaid acts constitute infringement, misappropriation, and misuse of Plaintiff's Trade Dress, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida in accordance with Fla. Stat. §495.161.

32. Defendant's acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

33. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued

and Plaintiff will continue to suffer great and irreparable injury.

34. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A. That this Court will adjudge that Plaintiff's Trade Dress has been infringed as a direct and proximate result of the acts of Defendant as set forth herein, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., and the common law and under the law of the State of Florida in accordance with Fla. Stat. §495.161.

B. That this Court will adjudge that Defendant has competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a), and the common law.

C. That Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained from further infringing manufacture, use, sale, offer for sale and import of the products utilizing the Infringing Designs, and all other designs likely to be confused with or infringe Plaintiff's Trade Dress described herein.

D. That Defendant be required to deliver up for destruction all the Infringing Products and other written or printed material in the possession or control of Defendant which embody or bear the Infringing Designs, and all plates, molds, matrices, and other means from making the aforesaid items.

E. That Defendant be directed to file with this Court and to serve upon Plaintiff within ten (10) days after service of the injunction issued in this action, a written report, under oath, setting forth in detail the manner of compliance with the above.

F.  That Plaintiff recover the Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trade dress infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be treble as authorized pursuant to 15 U.S.C. §1117(b).

G.  That Plaintiff have and recover, pursuant to the laws of the State of Florida, and common law, in addition to its actual damages, punitive damages in an amount which the Court deems just and proper.

H.  That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

I.  That Plaintiff have and recover its reasonable attorney fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

J.  That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

K.  That Plaintiff have and recover such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Respectfully submitted,

Dated: November 12, 2014  
Miami, Florida

By: s/Meredith Frank Mendez  
John Cyril Malloy, III  
Florida Bar No. 964,220  
jcmalloy@malloylaw.com  
Peter A. Matos  
Florida Bar No. 992,879  
Meredith Frank Mendez

                                       Florida Bar No. 502,235
                                       mmendez@malloylaw.com
                                       **MALLOY & MALLOY, P.L.**
                                       2800 S.W. Third Avenue
                                       Miami, Florida 33129
                                       Telephone (305) 858-8000
                                       Facsimile (305) 858-0008

                                       *Attorneys for Plaintiff, Arborbrace Staking Systems, Inc.*